IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JAEGOOK JUNG,                    )
                                )
            Plaintiff,          )
                                )
    v.                          )    CASE NO. 3:24-cv-644-RAH
                                )              [WO]
KORENS USA INC.,                )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

This matter is currently proceeding under the Plaintiff's Amended Complaint, which raises a state-law assault and battery claim and a federal Title VII sexual harassment claim. Defendant Korens USA Inc. moves to dismiss the assault and battery claim only, asserting that it fails to state a plausible claim under Alabama law. The motion will be denied.

## JURISDICTION AND VENUE

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the jurisdictional grant found in 42 U.S.C. § 2000e-5(f)(3). The Court has supplemental jurisdiction over the Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367(a). Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "On a motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Bailey v. Wheeler*, 843 F.3d 473, 478 n.3 (11th Cir. 2016) (citation omitted).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555–56. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jaegook Jung was employed from 2021 to 2024 at Defendant Korens USA Inc., a car parts manufacturing facility. While Jung was working at Korens, he was under the direct supervision of Jongmin Oh.  From the beginning of Jung's employment with Korens, "Mr. Oh would routinely sexually harass and physically abuse Mr. Jung." (Doc. 18 at 3.)  Oh would "hit, punch, and/or slap Mr. Jung on

various parts of his body." (*Id*.)  On several occasions, Oh slapped Jung "on his buttocks and stated to him, 'you should do ass workout.'" (*Id*. at 3–4.) This behavior continued daily until Oh was sent back to South Korea in 2024.  (*Id*. at 3.)

At one point, Jung complained to senior management about Oh's harassing and abusive conduct.  (*Id*. at 4.)  In response, Jung was given two options by Korens' management: find another job or move his desk away from Oh's area. (*Id*. at 4.) Jung's desk was moved, but Oh continued with his conduct. (*Id*.)

## DISCUSSION

The Amended Complaint brings a state-law claim of assault and battery, for which Korens is alleged to have ratified, and sexual harassment under Title VII. Korens moves to dismiss the state-law claim only, stating that Jung fails to state a plausible claim against it for assault and battery.

Under Alabama law, an employer is liable for the intentional torts of its agent if: (1) the wrongful acts were committed in the line and scope of his employment; (2) the acts were in furtherance of the employer's business; or (3) the employer "participated in, authorized, or ratified the wrongful acts." *Potts v. BE&K Constr. Co*., 604 So. 2d 398, 400 (Ala. 1992) (quoting *Joyner v. AAA Cooper Transp.*, 477 So.2d 364, 365 (Ala. 1985)).

Jung alleges that Korens ratified Oh's actions. To establish that the employer "ratified" the tortious conduct of one employee against another employee, the complaining employee must show: (1) the underlying tortious conduct of the offending employee; (2) the employer had actual knowledge of the offending employee's tortious conduct against the complaining employee; (3) based on this knowledge, the employer knew or should have known that such conduct constituted sexual harassment, a continuing tort, or both; and (4) the employer failed to "take

3

'adequate' steps to remedy the situation." *Id.* If the employer's steps are not "reasonably calculated to halt the harassment, [then] the steps taken by the employer are not 'adequate.'" *Id.* at 401 (quoting *Busby v. Truswal Sys. Corp.,* 551 So.2d 322, 327 (Ala. 1989)). In the sexual harassment context, the Alabama Supreme Court has stated that "[a]n employer's failure to stop the tortious conduct after it learns of the conduct will support an inference that the employer tolerated the conduct," and thereby support an inference of ratification. *Id.* at 400.

Based on Jung's allegations, Oh repeatedly and daily assaulted Jung for three years until Oh was sent back to South Korea. Jung reported Oh to senior management at Korens, but management did nothing other than say that Jung could either quit his job at Korens or move his desk away from Oh. Despite Jung's report to management, Oh's conduct continued. That allegation infers that Korens did not stop Oh's conduct and did not take adequate steps to halt Oh's conduct. Jung therefore alleges that Korens tolerated the conduct. These facts, when assumed true and viewed favorably to Jung, state a plausible ratification theory against Korens.

## CONCLUSION

Korens' motion to dismiss the assault and battery claim against it is due to be denied. Korens' arguments are better addressed at the summary judgment stage, when Jung's allegations are tested by actual evidence.

Accordingly, Defendant Korens USA Inc.'s Motion to Dismiss (Doc. 21) is **DENIED**.

**DONE** on this the 27th day of March 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE